## FISCHER v. DUFRESNE et al.

### No. 17220.

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1939.

Rehearing Denied Dec. 11, 1939.

Writ of Certiorari Denied Feb. 5, 1940.

Emerson Bentley, of New Orleans, for appellant.

Robt. A. Ainsworth, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff, George F. Fischer, alleging that he was injured in "The Friendly House", a combination restaurant, poolroom and saloon, under circumstances involving the responsibility of the proprietor of that establishment, brought suit against Edward, Gilmore and Patout Dufresne, whom he alleged were members of a commercial co-partnership operating "The Friendly House", for $5,315.25, as damages because of the physical injuries he sustained.

The trial judge was of the opinion that the plaintiff should recover, but held that the evidence proved that the business was conducted solely by Edward Dufresne and not by a partnership, consequently, he rendered judgment in favor of plaintiff and against Edward Dufresne alone, in the sum of $700 and dismissed the suit as to the other defendants. Edward Dufresne has appealed. Plaintiff has answered the appeal asking for an increase in the judgment, but has apparently acquiesced in the dismissal of the suit as against the other defendants.

It appears that "The Friendly House" is maintained upon two elevations, the barroom being situated upon the ground floor and the poolroom and restaurant on a level about three feet higher. Entrance to the poolroom from the barroom is facilitated by wooden steps. These steps are movable, and, when moved, create a hazardous situation for unwary customers who might attempt to go from the poolroom to the barroom. The plaintiff was a victim of this situation for as he crossed the threshold of the poolroom with the intention of stepping down and into the barroom, he stepped off into space, the steps having been moved while he was in the poolroom, though they were in place when he entered the poolroom about twenty minutes before. The steps, it seems, were moved to permit the negro porter to sweep beneath them.

There is a plea of contributory negligence in the record based upon the contention that plaintiff failed to exercise proper care and caution in not observing that the steps had been moved before stepping out of the poolroom since he should have known that the steps were movable because, it is conceded, that he was an habitue of the place, and upon the further ground that he was warned of the danger by Leonard Dufresne as he was about to enter the barroom.

This contention is, however, apparently not presented with any confidence for counsel devoted very little time in argument or space in brief to its consideration. In fact, it seems to be recognized that the serious point in the case is the quantum of damages and not the liability of defendant. In passing, however, we will say that the plea of contributory negligence is without merit, the evidence being to the effect that plaintiff did not know that the steps were movable and insofar as the warning is concerned, it was given almost simultaneously with plaintiff's fall

110

to the barroom floor. The steps were moved at the direction of the defendant. There was a door at the entrance to the poolroom which could have been closed while the barroom floor was being swept and other means could have been employed, such as the stationing of an employee near the door to give timely warning of the dangerous situation, if, for any reason, it was desirable or necessary for the door to the room to remain unfastened. We have no difficulty in finding defendant guilty of negligence and agree with our brother below in his statement to the effect that the accident was due to the flagrant fault of defendant.

Fischer's right foreleg was skinned, bruised and swollen as a result of the accident. He was taken home in an automobile and a physician, Dr. DeLaureal, was called in. He was ordered to bed where he remained for a few days and returned to his work as a street car conductor. His leg, however, had not sufficiently healed and he was obliged to go back to bed. Altogether he lost fifty-five days pay at $5.43 per day. There were some ulcers on his leg but very small and quickly healed. We do not believe he suffered any serious or permanent injury and are of opinion that the amount awarded by the trial judge, Seven Hundred ($700) Dollars, is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.